UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JERRY T MCKINNEY #495639                    CIVIL ACTION NO. 23-cv-368 SEC P

VERSUS                                       JUDGE EDWARDS

BOSSIER MEDIUM SECURITY ET AL                MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Jerry T. McKinney ("Plaintiff") is a self-represented inmate at the Bossier Medium Correctional Center. He filed this civil rights action based on allegations that he was wrongfully terminated as a trustee, officers did not protect him from an attack by fellow inmates during which he was beaten severely, and that his grievance about the matter was not handled properly. Before the court are motions to compel filed by Defendants and Plaintiff.

Defendants state in their Motion to Compel (Doc. 30) that they served written discovery requests on Plaintiff in May 2024. They asked him to identify and produce documents and evidence that he intends to introduce at trial, identify each person expected to be called as an expert witness, and the like. Plaintiff served responses, but he did not provide any response to certain requests, or he wrote without explanation N/A. Defendants state that they need the discovery to help them prepare to take the deposition of Plaintiff and any witnesses he discloses. Plaintiff responded (Doc. 35) that he has done everything defense counsel asked and, as an inmate, he has no control over documents. He also asked for an opportunity to review the video of the assault incident.

Defendants are entitled to conduct reasonable discovery, and Plaintiff is obligated to provide meaningful responses to discovery requests that ask for any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. art. 26(b)(1). If Plaintiff does not have the requested documents or other information, he should say so and explain why. On the other hand, if he has documents or information in his custody or control, he must provide the requested documents or information. Plaintiff is directed to serve supplemental responses to Defendants' written discovery requests by **October 11, 2024**. The responses should be mailed to defense counsel but, as with all other discovery material, not filed with the clerk of court. **Defendants' Motion to Compel (Doc. 30) is granted** as set forth above.

Plaintiff filed a Motion to Compel (Doc. 33) that is more in the nature of an opposition to Defendants' motion. He states that he would like for the court to grant him an extension of time for discovery, he would like the opportunity for a conference with defense counsel to discuss evidence that he would like the defendants to product, and that he needs additional time to collect statements from witnesses. Defendants respond (Doc. 37) that Plaintiff has not propounded any discovery requests to Defendants as of the September 11 filing date of their memorandum. They ask that the court deny Plaintiff's motion and grant their request to extend the discovery deadline for 30 days past the time Plaintiff provides full and complete responses to their discovery requests.

**Plaintiff's Motion to Compel (Doc. 33)** is **denied** because there is no showing that Plaintiff properly propounded any written discovery requests to Defendants that have gone unanswered. If Plaintiff wishes to serve interrogatories or requests for production of

documents (or video), he must write such requests in accordance with Federal Rules of Civil Procedure 33 and 34.  He should then serve the requests on Defendants' counsel by mailing a copy to him (but not filing a copy with the clerk of court).  Defendants will then have 30 days to serve responses.  If the responses are not timely served or are otherwise considered lacking, Plaintiff and defense counsel should attempt to confer by telephone and resolve any such matters.  If Plaintiff is still not satisfied after taking those steps, then he may file a motion to compel that is accompanied by a copy of his discovery requests, a copy of any responses served by Defendants, a certification that efforts were made to resolve the issues with counsel, and a memorandum that explains what Plaintiff believes is lacking or objectionable.

New defendants were recently added by an amended complaint, and it appears that both sides want additional time to complete discovery.  Accordingly, the deadlines set in the prior order (Doc. 21) are vacated.  The deadline for completion of **discovery**, including the filing of any motions to compel, is **December 2, 2024**.  The deadline to file a motion for summary judgment or other **dispositive motion** is **January 13, 2025**.  The court will issue additional scheduling instructions, as needed, after any dispositive motions have been resolved.  All parties must promptly advise the court, in writing, of any change of address. Failure to do so may result in dismissal or other appropriate sanction.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of September, 2024.

_____
Mark L. Hornsby
U.S. Magistrate Judge