UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JERRY T MCKINNEY #495639                    CIVIL ACTION NO. 23-cv-368 SEC P

VERSUS                                      JUDGE EDWARDS

BOSSIER MEDIUM SECURITY ET AL               MAGISTRATE JUDGE HORNSBY


**REPORT AND RECOMMENDATION**

Jerry T. McKinney ("Plaintiff") is a self-represented former inmate who was housed at the Bossier Medium Correctional Center.  He filed this civil rights action based on allegations that he was wrongfully terminated as a trustee, officers did not protect him from an attack by fellow inmates during which he was beaten severely, and that his grievance about the matter was not handled properly.

After dispositive motions were resolved, Plaintiff was ordered to file a pretrial statement that listed his trial witnesses and exhibits.  Doc. 60.  The order gave Plaintiff a deadline of April 18, 2025 to file his pretrial statement and warned: "Failure of a party to file a pretrial statement may result in dismissal or other appropriate sanction."  The April 18 deadline passed more than two weeks ago, and Plaintiff has filed nothing.

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to prosecute and pursuant to the court's inherent power to control its docket. The court may dismiss *sua sponte*, with or without notice to the parties, incident to its inherent powers.  Rogers v. Kroger Company, 669 F.2d 317, 320–321 (5th Cir.1983); Link v. Wabash Railroad, 82 S.Ct. 1386, 1389-90 (1962).

The April 18, 2025 deadline has passed, and there has been no action of record by Plaintiff.  Proceeding further with this action, without participation by Plaintiff would be a waste of time and resources for both the court and the defendants.  Dismissal without prejudice for failure to prosecute is the best exercise of the court's discretion in these circumstances.

Accordingly,

It is recommended that this civil action be dismissed without prejudice for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. <u>See</u> <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of May, 2025.

**Mark L. Hornsby**
**U.S. Magistrate Judge**